UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01272-HDV (KS)                     Date   August 5, 2024

Title   *Moon S. Chang v. SJ Capitol Investment Inc. et al*

Present: The Honorable   Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present                           None Present

**Proceedings:**   **(IN CHAMBERS) ORDER GRANTING MOTION TO REMAND**

      On February 15, 2024, defendant SJ Capitol[1] Investment Inc. ("Defendant"), removed this unlawful detainer action to this Court. [Dkt. No. 1].  On June 6, 2024,  plaintiff Moon S. Chang ("Plaintiff") filed a Motion to Remand ("Motion"), setting the matter for hearing on July 25, 2024.  [Dkt. No. 9].  The Court reset the hearing for August 1, 2024 [Dkt. No. 10]. Defendant did not timely oppose the Motion,[2] and neither party showed up to the hearing [Dkt. No. 11].

      As discussed below, the Court finds that it lacks subject matter jurisdiction over this action and hereby **GRANTS** Plaintiff's Motion.

      Federal courts possess limited jurisdiction, meaning they have jurisdiction only over matters authorized by the Constitution and Congressional statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A defendant who removes a case from state court to federal court bears the burden of establishing

---

[1]    There are two different spellings of this word used through-out the documentation; "capitol" and "capital." The case is docketed using "capitol" so that is what the Court will use.

[2]    Pursuant to Local Rules 7-9 and 7-12, Defendant's failure to oppose the Motion may be deemed consent to the Court granting it.

federal jurisdiction.  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006).  Failure to do so requires that the case be remanded.  *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction.") (citation omitted).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnotes omitted).  Here, federal question jurisdiction is lacking because the Complaint does not state a claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; Complaint [Dkt. No. 1-2, pp. 1–3].  To the extent Defendant argues that this Court has jurisdiction because its defense arises under federal laws, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."  *ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).[3]

Finally, if Defendant may wish to raise federal counterclaims, they too do not give rise to federal jurisdiction.  *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim–which appears as part of the defendant's answer, not as part of the plaintiff's complaint–cannot serve as the basis for 'arising under' jurisdiction."); *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("We have held that '[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question . . . .'" (internal citation omitted)).

In short, this is an unlawful detainer action and federal jurisdiction is lacking.  The Motion to Remand is granted.

**IT IS SO ORDERED.**

---

[3]   Defendant does not argue that diversity jurisdiction exists.